Case 7:12-cv-00587-CS Document 6 Filed 04/30/12 Page 1 of 6  P.02
APR-27-2012 15:36 Case 7:12-cv-00587-CS Document 5 Filed 04/30/12 Page 1 of 6
US ATTORNEY

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*[handwritten: Conference is scheduled for June 5, 2012]*
*[handwritten, circled: CORRECTED]*

86 Chambers Street
New York, New York 10007

April 27, 2012

**BY FACSIMILE: (914) 390-4278**
Honorable Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street, Room 275
White Plains, New York 10601-4150

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/12
```

Re:  Kelly, et al. v. U.S. Dep't of Veterans Affairs, et al., 12 Civ. 587 (CS)

Dear Judge Seibel:

I am the Assistant United States Attorney assigned to represent the interests of the United States Department of Veterans Affairs ("VA") and the following VA officers and employees in their official capacities (collectively "VA Defendants") in the above-referenced action: Eric K. Shinseki, Secretary of the VA; Aileen Hilliard; Nelander Alcindor; Cindy Eastwood; Marilyn Firestone; Kathleen Merando-Barker; Patricia Burke; James Joos; Catherine Napoli; Lude Belony; Marcia Ralph; Mary Stevenson; Tonya Bello Opusunju; and Joanne Callanan. Although the complaint also names defendants Maureen Schriber and Angela Wallace, I do not represent their interests because the VA has no record that either person was ever employed with the agency.

I am writing to request that: (1) this case not be designated for inclusion in the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York (the "Pilot Project"), because the complaint as pleaded does not support a class action; (2) plaintiffs be directed to properly effectuate service on the VA Defendants pursuant to Fed. R. Civ. P. 4 by May 23, 2012; and (3) the initial conference scheduled for May 2, 2012 at 11:30 a.m. be adjourned to a date after May 23, 2012 and converted to a pre-motion conference, with Pages 3 to 5 of this letter constituting the VA Defendants' pre-motion conference letter. This is the VA Defendants' first request for an adjournment of the initial conference. Counsel for plaintiffs, Damond Carter, Esq., consents to these requests.

**A.  This Matter Should Be Removed From the Pilot Project Because the Complaint Does Not Allege a Class Action**

Plaintiffs' complaint alleges claims of age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 623(a)(1) and (2), and also asserts claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). Although the caption on the first page of the complaint contains the clause "as well as all other similarly situated persons" after the

Honorable Cathy Seibel  
April 27, 2012

Page 2 of 5

names of all three plaintiffs, the complaint itself is devoid of any class allegations. Because the complaint alleges no facts to satisfy the requirements of Rule 23(a) or 23(b) of the Federal Rules of Civil Procedure, there is no basis on which the Court can certify a class. *See Nat'l Auto Brokers Corp. v. General Motors Corp.*, 60 F.R.D. 476, 495 (S.D.N.Y. 1973); *see also Harris v. Lantz*, No. 05 CV 527, 2007 WL 963181, at *2 (D. Conn. Mar. 30, 2007) (declining to certify class because "[t]he complaint is devoid of the allegations necessary to support a finding that class treatment is inappropriate."). Instead, the complaint only alleges individualized claims of alleged age discrimination by three VA employees, and should therefore be removed from the Pilot Project.

**B.  Plaintiffs Have Not Properly Served the VA Defendants**

Plaintiffs have not effectuated proper service on the VA and its employees as required by the Federal Rules of Civil Procedure. To the extent plaintiffs are suing the VA and its employees in an official capacity, plaintiffs are required to serve the United States pursuant to Fed. R. Civ. P. 4(i)(1), and "also send a copy of the summons and of the complaint by registered or certified mail" to the agency and the employee. *See* Fed. R. Civ. P. 4(i)(2). To the extent plaintiffs are suing any of the individual VA defendants in his or her individual capacity, plaintiffs are likewise required to serve the United States pursuant to Fed. R. Civ. P. 4(i)(1) and serve the employee pursuant to Fed. R. Civ. P. 4(e). *See* Fed. R. Civ. P. 4(i)(3). To serve the United States under Fed. R. Civ. P. 4(i)(1), a party must deliver a copy of the summons and complaint to the United States Attorney's Office <u>and</u> send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C. *See* Fed. R. Civ. P. 4(i)(1)(B).

According to the VA, on January 24, 2012, a process server arrived at the VA Hudson Valley Health Care System at 2093 Albany Post Road in Montrose, New York, and told an employee that she "needed to serve papers." Despite being informed by the VA employee that the process server had to follow the correct process for serving copies of the summons and complaint, the process server refused to accept the employee's denial of service, and dropped on the employee's desk seventeen manila envelopes with a different one of the above-referenced defendants' names written on each envelope, with each envelope containing a copy of the summons and complaint in this case. This is not proper service pursuant to Fed. R. Civ. P. 4(i), and there is no record on the docket that plaintiffs effectuated proper service under the Federal Rules of Civil Procedure.

Accordingly, we request that plaintiffs be directed to undertake the following steps by May 23, 2012[1]: (1) clarify whether the Secretary of the VA and each individual VA defendant (excluding Maureen Schriber and Angela Wallace, neither of whom are current or former VA employees) are being sued in his or her official or individual capacity or both, and serve them

---

[1] Under Fed. R. Civ. P. 4(m), a plaintiff must serve defendants within 120 days after filing the complaint. Because plaintiffs filed the instant complaint on January 24, 2012, plaintiffs have until May 23, 2012 to complete service.

Honorable Cathy Seibel  Page 3 of 5
April 27, 2012

accordingly under either Fed. R. Civ. P. 4(i)(2) or 4(i)(3); (2) serve the Attorney General of the United States in accordance with Fed. R. Civ. P. 4(i)(1)(B); and (3) file proofs of service with the Court in accordance with Fed. R. Civ. P. 4(l)(1). If service is not effected properly by May 23 and/or is unsupported by proofs of service, the VA Defendants reserve all rights to move to dismiss this complaint for improper service.

### C. Plaintiffs' Complaint Is Subject to Dismissal for Lack of Subject Matter Jurisdiction and Failure to State a Claim

Plaintiffs' complaint alleges that the VA Defendants: (1) discriminated against them on the basis of age, in violation of the ADEA; (2) discriminated against them on the basis of age, in violation of the FTCA; (3) are liable to plaintiffs for damages under the FTCA for "negligent," "reckless," and "intentional" infliction of emotional distress caused by the "wrongful age discrimination"; and (4) are liable to plaintiffs for libel and slander under the FTCA, again because of the "wrongful age discrimination." *See* Compl. ¶¶ 1-5.

As a preliminary matter, in an ADEA claim brought by a government employee, "the head of the agency" is the only proper defendant, and "[i]ndividual defendants are not liable." *Shaw v. U.S. Postal Serv.*, 09 Civ. 6617, 2010 WL 3749233, at *13 (S.D.N.Y. Aug. 16, 2010). *See also Parker v. Metro. Transp. Auth.*, 97 F. Supp. 2d 437, 452 (S.D.N.Y. 2000) (holding that "an individual defendant may not be liable under the ADEA"). In an FTCA action, the only proper defendant is the United States of America. *Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994); *Rivera v. United States*, 928 F.2d 592, 609 (2d Cir. 1991); 28 U.S.C. § 2679(a). As a result, the only proper defendant to plaintiffs' ADEA claims is Eric K. Shinseki, in his official capacity as Secretary of the VA, and the only proper defendant to plaintiffs' FTCA claims is the United States of America. The VA and the remaining individual VA Defendants must therefore be dismissed from the complaint. *See Shaw*, 2010 WL 3749233, at *14 (dismissing plaintiff's federal employment discrimination claims against individual defendant); *Parker*, 97 F. Supp. 2d at 452 (same); *Rivera*, 928 F.2d at 609 (affirming dismissal of individual defendants under the FTCA).

Moreover, plaintiffs' ADEA claims against defendant Shinseki also fail, because plaintiffs did not comply with statutory and regulatory requirements that must be met before ADEA claims can be brought in federal court. Under the ADEA, a federal employee alleging age discrimination may bring a lawsuit in federal court under one of two scenarios. First, the employee may elect to exhaust administrative remedies by initiating contact with a counselor within 45 days of the date of the allegedly discriminatory act. 29 C.F.R. § 1614.105(a). If the matter is not resolved after a mandatory counseling period, the employee may file a formal written administrative complaint ("EEO complaint") within 15 days of receiving the EEO counselor's notice of the his or her right to file a formal complaint. *Id.* §§ 1614.106(a), (b). The employee may then file a civil action (i) within 90 days of notice of a final agency decision on his or her EEO complaint, or (ii) within 180 days from the filing of the EEO complaint if the agency has not yet rendered a final agency decision. *Id.* §§ 1614.407(a), (b).

Honorable Cathy Seibel                                                     Page 4 of 5
April 27, 2012

In the alternative, a federal employee alleging age discrimination may also bring suit in federal court in the first instance without first filing a formal EEO complaint with the agency, so long as the employee gives the Equal Employment Opportunity Commission ("EEOC") at least thirty days notice of her intent to file a lawsuit, and the notice is filed within 180 days after the alleged discriminatory practice occurred. 29 U.S.C. § 633a(d); 29 C.F.R. § 1614.201(a). Courts in this district have made clear that "[i]f an aggrieved employee chooses the administrative process, he becomes obliged to timely exhaust administrative remedies before he may pursue an ADEA claim in federal court." *See Avillan v. Potter*, No. 01 Civ. 1648, 2002 WL 252479, at *2 (S.D.N.Y. Feb. 21, 2002) (citing cases).

With respect to plaintiff Elnore Cushnie, VA records show that she filed two administrative complaints alleging overlapping claims of age discrimination on December 3, 2010, and November 26, 2011, respectively. According to the VA, the first administrative complaint was amended at plaintiff Cushnie's request in May 2011, and a motion filed by the VA for summary judgment on the first complaint is currently pending before an administrative law judge. Cushnie's second administrative complaint, which was filed approximately 60 days before the instant lawsuit was commenced on January 24, 2012, is still under review by the VA. Instead of abandoning the administrative route that she *twice* chose to take before prematurely filing suit in federal court on her age discrimination claims, plaintiff Cushnie is "obliged to exhaust such proceedings before filing a civil action under the ADEA." *Wrenn v. Sec'y of the Dep't of Veterans Affairs*, 918 F.2d 1073, 1078 (2d Cir. 1990).

With respect to plaintiffs Velma Patterson Brooks and Mattie Kelly, the complaint fails to allege that both plaintiffs administratively exhausted their claims. The complaint also fails to allege *any* dates during which plaintiff Brooks was first subjected to any alleged acts of age discrimination, thus making it impossible to determine whether her claims are already time-barred. *See* Compl. ¶¶ 7-11, 12-29. Finally, plaintiffs Brooks and Kelly have not, nor cannot allege that notice was given to the EEOC 30 days before this lawsuit was filed. *See Beason v. Bower*, No. 96 C 1097, 1996 WL 556728, at *4 (N.D. Ill. Sept. 26, 1996) (granting summary judgment for defendant and holding that "a direct suit cannot be brought under the ADEA," where plaintiff proffered no evidence that she complied with the notice requirements of 29 C.F.R. § 1614.201(a)). Accordingly, plaintiffs Brooks' and Kelly's ADEA claims must be dismissed.

Plaintiffs' FTCA claims against the United States also fail. First, the Court lacks subject matter jurisdiction to consider plaintiffs' FTCA claims because plaintiffs have not complied with the FTCA's jurisdictional requirement of filing an administrative claim with the agency before commencing suit. *See* 28 U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

Moreover, even if plaintiffs had exhausted their administrative remedies, plaintiffs' FTCA claims would still be jurisdictionally barred. First, the FTCA bars plaintiffs' claims of libel and slander, *except* when the tortfeasor is an "investigative or law enforcement officer," which does not apply to any of the VA Defendants. *See* 28 U.S.C. § 2680(h); *Spinale v. U.S.*

APR-27-2012 15:32 US ATTORNEY 2126372171 P.06
Case 7:12-cv-00587-CS Document 6 Filed 04/30/12 Page 5 of 6
Case 7:12-cv-00587-CS Document 5 Filed 04/30/12 Page 5 of 6

Honorable Cathy Seibel                                                Page 5 of 5
April 27, 2012

*Dep't of Agriculture*, 621 F. Supp. 2d 112, 118 (S.D.N.Y. 2009) ("The FTCA's waiver of sovereign immunity for certain claims expressly bars waiver for claims of slander and libel."). Second, plaintiffs' FTCA claims for damages arising from the alleged age discrimination, and from "negligent," "reckless," and "intentional" infliction of emotional distress allegedly caused by the age discrimination, are barred because courts have consistently made clear that the ADEA is the *only* remedy for age discrimination claims. *See, e.g., Ahlmeyer v. Nevada System of Higher Educ.*, 555 F.3d 1051, 1060 (9th Cir. 2009) ("[T]he ADEA is the exclusive remedy for age discrimination in the workplace); *Dunn v. Secretary of U.S.*, No. 5:00 CV 1747, 2006 WL 1510097, at *9 (N.D.N.Y. May 26, 2006) ("[T]he ADEA provides the exclusive remedy for federal employees who allege age discrimination); *Bumpus v. Runyon*, No. 94 Civ. 2570, 1997 WL 154053, at *4 (S.D.N.Y. Apr. 2, 1997) ("[T]he ADEA provides the exclusive remedy for federal employees who allege age discrimination."). Accordingly, all of plaintiffs' FTCA claims should be dismissed for lack of subject matter jurisdiction.

### D. Communications with Plaintiffs' Counsel

On April 2, 2012, I sent a detailed letter to plaintiffs' counsel outlining the above deficiencies in service and the jurisdictional and pleading defects in plaintiffs' complaint. The letter requested that plaintiffs withdraw their complaint. To date, I have not received a definitive response from plaintiffs. We therefore respectfully request that the Court: (1) remove this case from the Pilot Project; (2) direct plaintiffs be directed to properly effectuate service on the VA Defendants by May 23, 2012; and (3) adjourn the initial conference scheduled for May 2, 2012 at 11:30 a.m. to a date after May 23, 2012 and convert it to a pre-motion conference.

We thank the Court for its consideration of these requests.

Sincerely,

PREET BHARARA
United States Attorney

By: _____
TOMOKO ONOZAWA
Assistant United States Attorney
Telephone: (212) 637-2721
Facsimile: (212) 637-2686

cc: Damond Carter, Esq. (by Electronic Mail)

Application Granted / ~~Denied~~
So Ordered.

5/2/12 conference adjourned to 6-~~5~~-12 @ 10:30am

_____
Cathy Seibel, U.S.D.J.
Dated: 4/27/12



# FACSIMILE COVER SHEET

**U.S. ATTORNEY'S OFFICE- SDNY**
**86 CHAMBERS STREET**
**NEW YORK, NY 10007**

********************************************************************

| | |
|---|---|
| From: | Tomoko Onozawa<br>Assistant United States Attorney |
| Office Phone No.: | (212) 637-2721 |
| Fax Number: | (212) 637-2686 |
| No. pages (including cover sheet): | 6 |
| Date sent: | April 27, 2012 |

********************************************************************

> **"FOR OFFICIAL USE ONLY" U.S. ATTORNEY FACSIMILE COMMUNICATION**
>
> The information contained in this facsimile message, and any and all accompanying documents, constitute "FOR OFFICIAL USE ONLY" information. This information is the property of the U.S. Attorney's Office. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this information in error, please notify us immediately by telephone at the above number and destroy the information.   (rev. 9/08)

********************************************************************

| | |
|---|---|
| To: | Chambers of the Honorable Cathy Seibel<br>Fax No. (914) 390-4278 |
| Cc: | Damond Carter, Esq.<br>*Counsel for Plaintiff*<br>Via email: damcart@carter-attorneys.com; damcart@hotmail.com |
| Re: | <u>Kelly v. U.S. Dep't of Veterans Affairs</u>, 12 Civ. 587 (CS) |
| Note: | Please see the attached letter from counsel for the VA Defendants. |